UNITED STATES DISTRICT COURT
for
NORTHERN DISTRICT OF TEXAS

# Petition for Person Under Supervision

| | |
|---|---|
| Person Under Supervision: | Lacie Rebekah Whisenant     Case No.: 4:15-CR-183-Y(01) |
| Name of Sentencing Judge: | Senior U.S. District Judge Terry R. Means |
| Date of Original Sentence: | March 8, 2016 |
| Original Offense: | Possession with Intent to Distribute Methamphetamine, 21 U.S.C. § 841(a)(1) & (b)(1)(C), a Class C felony |
| Original Sentence: | 60 months custody, 3-year term of supervised release |
| Revocations: | June 09, 2020: 7 months custody, 3-year term of supervised release |
| Detainers: | None |
| U.S. Marshals No.: | 49442-177 |
| Type of Supervision: | Supervised Release   Date Supervision Commenced: January 21, 2021 |
| Assistant U.S. Attorney: | Aisha Saleem     Defense Attorney: Cody L. Cofer |
| | (Court appointed) |

## Petitioning the Court for Action for Cause as Follows:

To issue a violator's warrant.

The probation officer believes that the person under supervision violated the following conditions:

### Previous Court Notifications

On June 17, 2021, the Court was notified Lacie Rebekah Whisenant was arrested on April 26, 2021, by Bedford, Texas, Police Department (BPD) and charged with having committed the state offenses of Possession of Controlled Substance, Greater Than or Equal to 4 Grams, Less Than 200 Grams in Case No. 1683097, a second-degree felony and Possession of Controlled Substance, Greater Than or Equal to 1 Gram, Less Than 4 Grams in Case No. 1683098, a third-degree felony. These cases remain pending out of the Criminal District Court No. 3, in Tarrant County. The next Court hearing is scheduled for January 18, 2022.

**I.**

### Violation of Standard Condition No. 2

The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer.

### Nature of Noncompliance

Lacie Rebekah Whisenant violated this condition of supervised release when she failed to report to the U.S. Probation Office as directed on April 12, 2021; October 4, 2021; November 19, 24, and 30, 2021; and December 3, 13, and 29, 2021.

## II.

**Violation of Standard Condition No. 6**

The defendant shall notify the probation officer within seventy-two (72) hours of any change in residence or employment.

**Nature of Noncompliance**

Ms. Whisenant violated this condition of supervised release by failing to provide notification of an address change within 72 hours of the change. On or before December 18, 2021, Ms. Whisenant changed residence and at this time, the U.S. Probation Office has not been notified of Ms. Whisenant's current address. Specifically, on December 18, 2021, U.S. Probation Officer Markesha Batie (Officer Batie) attempted to establish contact with Ms. Whisenant at the address of record, at which time Officer Batie spoke with a worker who was conducting maintenance in Ms. Whisenant's apartment unit. The worker disclosed Ms. Whisenant moved out of the unit about two weeks prior.  Thus, Ms. Whisenant relocated from the address of record on approximately December 4, 2021, without the Probation Office's knowledge. Currently Ms. Whisenant's whereabouts are unknown, and she is considered an absconder from supervision.

## III.

**Violation of Standard Condition No. 7**

The defendant shall refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.

**Violation of Additional Condition**

The defendant shall not commit another federal, state, or local crime.

**Violation of Additional Condition**

The defendant shall not possess illegal controlled substances.

**Nature of Noncompliance**

Ms. Whisenant violated these conditions of supervised release as evidenced by her arrest by Bedford, Texas, Police Department (BPD) on April 26, 2021, for the offenses of Possession of Controlled Substance, PG 1, Greater Than or Equal to 4 Grams, Less Than 200 Grams in Case No. 1683097, a second-degree felony; and Possession of Controlled Substance, PG 2, Greater Than or Equal to 1 Gram, Less Than 4 Grams in Case No. 1683098, a third-degree felony.

The BPD incident report revealed on April 26, 2021, an officer initiated a traffic stop on Ms. Whisenant's vehicle. Ms. Whisenant was unable to provide proof of vehicle insurance. Officers conducted a search of the vehicle and located a water bottle on the floorboard of the front passenger seat. A clear thick liquid substance was observed inside the water bottle. The substance was tested on site and revealed a presumptive positive result for 150.2 grams of Gamma Hydroxybutyrate (GHB). Ms. Whisenant was taken into custody for the possession of GHB. During the arrest, Ms. Whisenant's pants were observed

unbuttoned and she was questioned about having anything on her person. At the onset of a search of Ms. Whisenant, she appeared to have "had a seizure and dropped to the ground." During the seizure, Ms. Whisenant was observed by officers to have full control of her limbs, despite her body having been limp. Ms. Whisenant was transported to the hospital by medical personnel.

While in triage at the hospital, officers were able to perform a full search of Ms. Whisenant's person. Ms. Whisenant willingly admitted to concealing pills in her pants, and a pipe in her brassier. Ms. Whisenant provided officers a pipe with a burnt white substance believed to be methamphetamine residue. Furthermore, multiple empty small baggies and a small baggie with pills was located inside the waistband of Ms. Whisenant's pants. A test of the pills revealed a presumptive positive for 2.3 grams of Methylenedioxymethamphetamine (MDMA). Upon her release from the hospital, Ms. Whisenant was transported to the Bedford Jail, where she subsequently released on bond

## IV.

**Violation of Mandatory Condition**

The defendant shall not possess illegal controlled substances.

**Violation of Standard Condition No. 7**

The defendant shall refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.

**Violation of Additional Condition**

The defendant shall refrain from any unlawful use of a controlled substance, submitting to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer pursuant to the mandatory drug testing provision of the 1994 crime bill.

**Violation of Additional Condition**

The defendant shall participate in a program approved by the probation officer for treatment of narcotic or drug or alcohol dependency that will include testing for the detection of substance use, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment, contributing to the costs of services rendered (copayment) at the rate of at least $25 per month

**Nature of Noncompliance**

Ms. Whisenant violated these conditions of supervised release by using and possessing marijuana, an illegal substance, in or about November 8, 2021. On November 8, 2021, Ms. Whisenant submitted a urine specimen at Helping Open People's Eyes (HOPE), in Fort Worth, Texas, which tested positive for marijuana. All attempts to address the drug use with Ms. Whisenant have been unsuccessful. Thus, the specimen was submitted to Abbott Laboratories for confirmation and returned positive for marijuana.

## V.

### Violation of Additional Condition

The defendant shall refrain from any unlawful use of a controlled substance, submitting to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer pursuant to the mandatory drug testing provision of the 1994 crime bill.

### Violation of Additional Condition

The defendant shall participate in a program approved by the probation officer for treatment of narcotic or drug or alcohol dependency that will include testing for the detection of substance use, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment, contributing to the costs of services rendered (copayment) at the rate of at least $25 per month

### Nature of Noncompliance

Ms. Whisenant violated these conditions of supervised release by failing to submit to scheduled drug testing at Helping Open People's Eyes (HOPE), in Fort Worth on April 8; July 9; September 4; October 1; November 15; and December 22, 2021; and January 10, 2022.

## VI.

### Violation of Additional Condition

The defendant shall participate in mental health treatment as directed by the probation officer until successfully discharged, which services may include prescribed medications by a licensed physician, with the defendant contributing to the costs of services rendered (copayment) at the rate of at least $25 per month.

### Violation of Additional Condition

The defendant shall participate in a program approved by the probation officer for treatment of narcotic or drug or alcohol dependency that will include testing for the detection of substance use, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment, contributing to the costs of services rendered (copayment) at the rate of at least $25 per month.

### Nature of Noncompliance

Ms. Whisenant violated these conditions of supervised release by failing to attend scheduled dual-diagnosis counseling sessions for the treatment of mental health and substance abuse at Phoenix Associates Counseling Services (PACS), in Fort Worth for the months of November and December 2021. Specifically, Ms. Whisenant's PACS counselor informed Ms. Whisenant last participated in treatment October 13, 2021, and was a no show for treatment on October 27, 2021. The counselor advised all attempts to contact Ms. Whisenant to reschedule a treatment session have been unsuccessful.

## Personal History

Lacie Whisenant released from federal custody and began her second term of supervised release on January 21, 2021. At the onset of supervision, she had maintained a private rental residence with her teenaged son in Fort Worth, Texas. Ms. Whisenant advised her landlord maintained the residence during her revocation sentence, and she received assistance from community resources to pay rent which accrued during that period. Ms. Whisenant stated her son was cared for by her father during her term of imprisonment, and her goal was to repair family relationships. On December 18, 2021, this officer attempted to conduct a home contact after Ms. Whisenant failed to respond to multiple instructions to report to the probation office. During this contact it was discovered Ms. Whisenant left the residence of record on or about December 4, 2021, which was not shared with the Probation Office and her current whereabouts are unknown.

Since her release from custody, Ms. Whisenant has reported to maintain stable employment working in construction at Conquer Claims and Contracting while on supervision; however, she has not provided verification of the contracted employment, as required. Ms. Whisenant advised work had been unsteady due to the COVID-19 pandemic and provided proof of receiving unemployment benefits during those periods of unemployment.

Ms. Whisenant admitted prior to her revocation sentence she used marijuana and methamphetamine. Thus, she was enrolled in supportive outpatient treatment at Helping Open People's Eyes (HOPE) in Fort Worth, on January 25, 2021. On April 26, 2021, Ms. Whisenant was arrested and charged with two felony possession cases in state court, which are still pending in the Criminal District Court No. 3, in Tarrant County. Ms. Whisenant disclosed she suffered an increase in stress due to the arrest. As a result, on May 14, 2021, Ms. Whisenant was referred to PACS for dual-diagnosis counseling to address both mental health and substance abuse treatment needs. Furthermore, she was enrolled in increased drug testing at HOPE, Fort Worth.

As alleged above, Ms. Whisenant failed to appear for drug testing at HOPE on at least seven occasions. After each failure to report for drug testing at HOPE, Ms. Whisenant was contacted to report to the U.S. Probation Office for follow-up drug testing; however, based on her slow responses to instructions given, follow-up testing was not conducted within a reasonable period. Ms. Whisenant was verbally reprimanded and encouraged to submit to drug testing as directed. Further, Ms. Whisenant is no longer participating in dual-diagnosis treatment services for mental health and substance abuse at PACS. Ms. Whisenant's counselor informed Ms. Whisenant last participated in treatment October 13, 2021, and all attempts to contact Ms. Whisenant to reschedule a treatment session have been unsuccessful. In addition, Ms. Whisenant failed to report to the U.S. Probation Office on April 12; October 4; November 19, 24, and 30; and December 3, 13, and 29, 2021.

Multiple mental health and substance abuse treatment services have been made available to Ms. Whisenant; however, she has elected not to fully participate in the services. Ms. Whisenant refuses to acknowledge the extent of her drug use. She has vacillated from adamantly denying drug use, to transferring responsibility to others, stating her teenaged son and coworkers have left drugs and drug paraphernalia in her vehicle.

Phone calls, text messages, emails, and certified letters have been utilized to contact Ms. Whisenant in an attempt to address her noncompliance with supervised release. Officer Batie attempted a home contact at Ms. Whisenant's reported residence in Fort Worth on December 18, 2021, at which time it was discovered Ms. Whisenant relocated from the unit in approximately early December 2021. At this time, Ms. Whisenant has not reported a change of residence, and her current address is unknown to the probation office.

## Statutory Provisions — Protect Act Supervised Release

| | |
|---|---|
| **Statutory Maximum Custody:** | 2 years. 18 U.S.C. § 3583(e)(3) |
| **Mandatory Revocation Statutes:** | Mandatory revocation for possession of a controlled substance and refusal to comply with drug testing. Sentence to a term of imprisonment 18 U.S.C. § 3583(g)(1) & (g)(3). |
| **Fine:** | None |
| **Statutory Maximum for Reimposition of Supervised Release:** | 29 months (At least three years, minus previous revocation sentence of 7 months), minus current revocation sentence. 18 U.S.C. § 3583(h). |

In U.S. v. Vera, 542 F.3d 457 (5th Cir. 2008), the Fifth Circuit held that the maximum allowable supervised release following multiple revocations must be reduced by the aggregate length of any terms of imprisonment that have been imposed upon revocation.

## Chapter 7 Violation Computations

| | | |
|---|---|---|
| **Violation Grade:** | B | USSG § 7B1.1(a)(2) & 7B1.3(a)(1), p.s. |
| **Criminal History Category:** | IV | USSG §7B1.4(a), p.s. |
| **Imprisonment Range:** | 12 to 18 months | USSG §7B1.4(a), p.s. |
| **Fine:** | None | USSG §7B1.3(d), p.s. |

Pursuant to U.S. v. Miller, 634 F.3d 841 (5th Cir. 2011), the Court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when modifying or revoking a term of supervised release.

In U.S. v. Tapia, 131 S. Ct. 2382 (2011), the Supreme Court held that Section 3582(a) does not permit a sentencing court to impose or lengthen a prison term in order to foster a defendant's rehabilitation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 13, 2022
Respectfully submitted,

*[signature]*

Markesha Batie
U.S. Probation Officer
Fort Worth Division
Phone: 817-333-6023

Approved,

*[signature]*

Carol E. Foreman
Supervising U.S. Probation Officer
Phone: 817-840-0744

**Order of the Court:**

- ☐ No action.
- ☒ The Issuance of a Warrant. Petition and warrant sealed and not to be distributed to counsel of record until arrest effectuated.
- ☐ The Issuance of a Summons
- ☐ Other or Additional: _____
- ☐ File under seal until further order of the Court.

*[signature]*

Terry R. Means
U. S. District Judge

January 14, 2022
Date